Bassett et al., Appellants, *v.* Armstrong et al.

Argued October 12, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Charles F. C. Arensberg,* of *Patterson, Crawford, Arensburg & Dunn,* with him *Ella Graubart,* for appellant.—The chancellor erred in entering a decree of dismissal at the close of plaintiff's evidence, without hearing evidence on behalf of the defendants: Gordon v. Gordon, 277 Pa. 53; Glover v. Phila., 304 Pa. 466.

The fact that during the pendency of the present proceeding, the unpaid portion of the purchase price of the voting machines was paid under an order of court in mandamus does not make the questions involved in this appeal, moot: Winton's App., 97 Pa. 385; Com. v. Fidelity & Dep. Co., 224 Pa. 95.

*Oliver K. Eaton,* with him *H. D. Hirsh* and *Duane R. Dillis,* for Poole Engineering & Machine Co., bankrupt, and George W. Manly, its trustee, appellee.—The question is moot: Wilson v. Shaw, 204 U. S. 24; Reese v. Commissioners, 276 Pa. 253; Newlin v..Harris, 209 Pa. 558.

There is no motion or order of court, during the course of this trial, supported by an exception upon which appellant can base this assignment of error: Weiskircher v. Connelly, 256 Pa. 387.

*Ralph H. Frank,* Assistant County Solicitor, with him *M. B. Lesher,* Special Counsel, and *J. P. Fife,* County Solicitor, for appellees.

OPINION BY MR. JUSTICE SIMPSON, November 28, 1932:

In this case, one of appellants, later joined by the others, filed a taxpayer's class bill, whereby, as stated in their history of the case, they "sought to restrain the defendants, the county commissioners of Allegheny County, and the controller and the treasurer of the county, from making any further payments to the Poole Engineering & Machine Company on account of a contract entered into for the purchase of eleven hundred (1100) voting machines, on the grounds that the ma-

chines delivered were defective and did not meet the requirements of the specifications; and also to restrain the defendant, Poole Engineering & Machine Company, from making any further deliveries of voting machines of the same kind, under the contract for the purchase of voting machines by the County of Allegheny from the Poole Engineering & Machine Company."

At the trial, the parties entered into a stipulation, which, after fully setting forth its terms, continued: "Upon compliance with the terms and conditions of the within stipulation, the plaintiffs will discontinue the present proceeding forthwith, and all parties hereto consent to any order of court which the court may deem necessary discontinuing the within proceeding, without prejudice."

One of the defendants refused to comply with its "terms and conditions," and appellants, without contending for or reserving any rights respecting the stipulation, proceeded to a trial of the issues raised by the pleadings. This disposes of the contention now made that, in some way, effect must be given to the stipulation as a binding agreement. Not having been urged in the court below, it cannot be here: Kohn v. Burke, 294 Pa. 282; Kolich v. Monongahela Ry. Co., 303 Pa. 463.

The chancellor found as a fact, upon a consideration of plaintiff's testimony only, "that the machines are efficient for their intended purpose and that they conform to the requirements of the contract and specifications and the law existing at the time the contract was made; and, so finding, we would be required to conclude as a matter of law that the county must pay the balance due" on the contract. He, therefore, reported in favor of dismissing the bill.

While the proceedings in this case were pending, however, there was also under consideration, in the same court but before another judge, a petition for a writ of peremptory mandamus,—filed by the contractor, who had, by that time, delivered all the voting machines re-

quired by the contract,—to compel the proper public officials to pay the entire purchase price therefor. Appellants herein asked and were given leave to intervene and defend that suit, upon a condition that they give bond in the sum of $10,000, with surety, conditioned to pay plaintiff therein such damages as might be adjudged in its favor. From that order appellants appealed to this court, because, as we were told at bar, they could not get the security required. No further steps were taken on the appeal, and it was nonprossed in due course. Thereafter, the peremptory writ of mandamus was awarded and issued, and the contractor was paid in full.

When the exceptions filed in the instant case came on for argument, the court overruled them and entered a final decree dismissing the bill, solely because the questions attempted to be raised by it had become moot by reason of the award of the peremptory mandamus, and the payment in full of the contract price. From that decree, the present appeal is taken by the plaintiff and intervening plaintiffs.

It is clear that ordinarily the actual facts of a delivery of all the machines contracted for, and a payment in full for their contract price, would render moot a proceeding to prevent such delivery and payment; but appellants assert that a different conclusion must be reached here because the contract provides for the contractor making "alterations, repairs or replacements [necessitated] by reason of any imperfections or defects" which may later appear, and that this is not concluded by the mandamus and payment. True, but neither is it by anything done in this proceeding. If they do subsequently appear, within the time limit specified in the contract, and the county officials will not proceed against the contractor and/or the surety, doubtless appellants can find an appropriate remedy. The question cannot be raised in this proceeding, however, since there is neither pleading nor proof on the subject (Luther v. Luther, 216 Pa. 1), especially as there is no presumption

that the county officials, who will be serving at the time such defects, if any, are discovered, will not do their whole duty.

It must be manifest to every one, however, that this bill involved a matter of great public importance. Possibly because thereof, the court below did not impose on plaintiffs the costs there incurred, and appellees did not appeal from its failure so to do. In any event, for the reason stated, we will not impose them here.

The decree of the court below is affirmed, and the appeal is dismissed, but, so far as this court is concerned, without costs to either party.