Lucas *v.* Walters Milling Company, Appellant et al.

172

Argued October 17, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Louis Wagner,* with him *Richard A. Smith* and *Thomas J. Clary,* for appellant.

*Henry Temin,* and with him *Todd Daniel,* for appellee.

OPINION BY BALDRIGE, J., January 4, 1935:

This appeal is from the refusal of the court to terminate a compensation agreement in a workmen's compensation case.

On January 31, 1922, the claimant fell out of a freight car and was injured. On March 3, 1922, he and appellant entered into an open agreement, which was approved by the board, wherein it was stated that the claimant had sustained a fracture of the right patella, and payment of compensation was provided at the rate of $12 per week. Several ineffectual efforts were made by appellant to terminate this agreement. The final petition, alleging claimant's recovery, was filed by appellant on May 7, 1931. The matter was referred to Referee Just, and testimony was introduced by both parties to the action. The referee found for the employer, and entered an order terminating compensation at the end of the 215 weeks' period, which has now expired and the compensation be paid. The board, on an appeal by the claimant, set aside the findings of fact, conclusions of law, and the order of the referee, and found that certain reports made by doctors to the referee, upon which he relied for his findings, were not competent evidence, and that disability due to the accident had not ceased. Accordingly, the employer was ordered to resume payments to claimant. The learned court below on an appeal overruled the exceptions and affirmed the action of the board. Hence this appeal by the employer.

It is admitted that the claimant is now and probably always will be totally disabled. The chief controversy

is whether, as a result of the accident, a head, as well as a knee, injury had been sustained, and is the cause of the claimant's present disability.

The appellant's first contention is that the board erred in rejecting as evidence the medical opinion of the four doctors who submitted reports to the referee because these experts were not put on oath and subjected to cross-examination. The referee had the right, under sections 420 and 422 of the Amendatory Act of June 26, 1919, P. L. 642 (77 PS §§831, 834), to ask for and file such reports, but they did not have an actual probative value. As Judge CUNNINGHAM said in Jones v. United Iron & Metal Co., 99 Pa. Superior Ct. 394, 400, "before the referee or board can legally base any findings upon facts ascertained from an independent investigation or upon the opinions of experts thus selected and appointed, these expert witnesses must appear for examination and cross-examination, under oath, as in the case of any other witness." The board was, therefore, entirely correct in holding that the reports were incompetent evidence upon which to base the finding that disability had ceased.

The second position of the appellant is that there was insufficient legal evidence to support the finding of an injury to the claimant's head and a causal relation between his disability and the accident. Although the record of the earlier proceedings does not disclose that the claimant complained of, or that the doctors called by the appellant found, an injury to his head, in the last proceeding, which is now before us, he testified that he was struck on the head by a bale of hay which caused him to fall out of the car into the street where he lay on his right side and head and was for a time unconscious; that he told the doctor that his head hurt him but no attention was paid to his complaint of a head injury. The claimant is

a foreigner and evidently speaks the English language very imperfectly, which may account for the failure of the doctors to give more attention to his head at the time of the accident.

Dr. Carl Smith, a general practitioner, testified, in substance, that he had examined the claimant a little more than a year after the accident and has been "treating him ever since;" that at first his greatest complaint was of his knee, but he complained also of deafness, headache, vertigo, etc. The doctor did not state the time when the claimant called his attention to symptoms attributable to the head injury, but he did say that the complainant has been growing progressively worse and that, in his opinion, he is suffering from a nerve degeneration due to the accident.

Dr. Yawger, who was called as a neurologist, testified that from the history he had received of the claimant, and from his examination of him on October 26, 1931, he had reached the opinion that the claimant is suffering from traumatic vaso-motor and trophic disease; that the right side of his body shows a wide spread involvement of his muscles, nerves, bones, joints and fingernails; that his present condition is directly attributable to the accident on January 31, 1922.

True, this medical testimony was contradicted, but the issue was one of fact. We have findings of permanent disability due to a head injury sustained by the claimant at the time of the accident, based on sufficient competent evidence by the fact-finding body, to whom has been delegated the exclusive function of determining facts. That settles this disputed question: Loeffler v. West. Elec. Co., 107 Pa. Superior Ct. 326, 329, 163 A. 322.

The defendant's third position is that the claimant failed to appeal from the referee's adverse findings within the time allowed by law; that, therefore, the board should have sustained the defendant's motion

to quash the appeal. On July 18, 1932, the defendant's petition to terminate was granted, and on July 22, 1932, a copy of the referee's decision terminating the compensation agreement was mailed to claimant's counsel. But it appears the claimant did not know of the referee's decision until August 9, 1932, and the appeal was filed on August 11, 1932. Under section 405 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended June 26, 1919, P. L. 642 §6 (77 PS §716), the bureau of the Workmen's Compensation Board is required to serve a copy of the referee's decision *on all parties in interest*. On September 29, 1932, the board held a hearing but did not expressly pass on defendant's motion to quash the appeal. The record was remanded to the referee with the direction to hear additional testimony on the part of both parties and to make further findings. On March 27, 1933, a further hearing was held before the referee, in which appellant participated and presented the testimony of five witnesses. The appellant did not object to this hearing, nor did it persist in its motion to quash further proceedings, but pressed its petition to terminate, relying upon the contention that the evidence established that all disability due to the accident had ceased. Nor does the record disclose that at the time of the further hearing on May 14, 1933, the appellant questioned the right of the board to hear the case on account of the failure of the claimant to take his appeal in time. Even if we assume that proper notice of the referee's decision had been given to the claimant, in our judgment, the defendant, by prosecuting the action it had established and continuing to rely on the averments of its petition to terminate, voluntarily relinquished its technical position that the appeal had been taken too late.

The appellant also claims that the parties, by entering into a supplemental compensation agreement stip-

ulating that injuries were confined to the loss of the use of the leg, are bound thereby. Referee Bosler, on June 3, 1925, stated that the claimant and defendant had entered into such an agreement, but there is no evidence that it was executed; in fact, the appellant concedes no such agreement was signed.

The last contention is that the claimant's right to modify the agreement is barred by the statute of limitations. The agreement entered into was an open one and was effective for a period of 500 weeks, providing there was a total, permanent disability, which was found to be the case. There is no evidence that this question was called to the attention of the Workmen's Compensation Board or the court below, and it is too late, therefore, for defendant to raise the question before us: Dunlap v. Paradise Camp et al., 305 Pa. 516, 158 A. 265; Grange Nat. Bank, etc. v. Collman, 306 Pa. 200, 159 A. 26; Bassett et al. v. Armstrong et al., 309 Pa. 296, 163 A. 525. Notwithstanding, however, defendant's failure to raise this question previously, it is without merit. The agreement remained in force even though payments had ceased to be made thereunder. There is no question of limitation involved: Furman v. Std. P. Steel Co. et al., 111 Pa. Superior Ct. 44, 169 A. 243.

Judgment is affirmed.