## ALLEGHENY COUNTY, PA., v. MARYLAND CASUALTY CO.

### No. 8788.

District Court, W. D. Pennsylvania.

Nov. 15, 1941.

Edward G. Bothwell, and Harry V. Bair, Asst. Co. Sols., both of Pittsburgh, Pa., for plaintiff.

Oliver K. Eaton, of Pittsburgh, Pa., and Duane R. Dills, and Jack J. Levinson, both of New York, for defendant.

GIBSON, District Judge.

After verdict for plaintiff, the defendant moved for judgment n. o. v., and also filed an alternative motion for a new trial. The motion for judgment was allowed, but no order was made upon the motion for a new trial, as prescribed by Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147. Therefore, pursuant to motion of counsel for plaintiff, the order for judgment has been vacated pending decision upon the motion for a new trial.

In view of the order for judgment n. o. v., which is based upon the conclusion that the matter in issue had been adjudicated in Bassett v. Armstrong, 309 Pa. 296, 163 A. 525, it follows necessarily that the court was in error in refusing the 15th and 26th requests of defendant for instructions to the jury, as each of those requests are based upon a like conclusion.

Assuming that the jury was given a correct interpretation of Specification 12 of the contract for the sale of the voting machines, and that the contract to "make good by repair or replacement" contemplated a restoration to the original form and not a reconstruction and redesigning of the machines, the verdict was against the evidence, as it was far in excess of the cost of any repairs of the machines unless supplemented by the costs of investigation, reconstruction and redesigning. This conclusion, of course, rests upon the finding that all claims of the complaint had been theretofore adjudicated in Bassett v. Armstrong, 309 Pa. 296, 163 A. 525.

In addition to the foregoing matters it is felt that the court erred in admitting over objection or failing to strike certain testimony which affected the defendant injuriously. In Fleming v. Adamson, 321 Pa. 28, 182 A. 518, 525, the Supreme Court of Pennsylvania, in dealing with a case wherein the exact type of voting machines were in issue as in the instant case, and in interpreting the same Acts of Assembly upon which the use of the machines was founded, hold that the machines did not fail to comply with the law if they failed to function properly if the failure were due to wrongful preparation of the machines, or "failure of the voter to follow the instructions for operation", or "violent interference with the mechanism", or "an expert's design to interrupt the normal functions of the machine or misuse some parts of the voting mechanism." Upon trial practically all of the alleged breaches of the specifications were produced through the demonstration of the machine by an expert mechanic who had considerable experience with the machines. Many of his operations constituted a removal of parts of the machine which would have been impossible in an election booth. Others constituted "violent interference with the mechanism" and "an expert's design to interrupt the normal functions of the machine". Performed for the purpose of vitiating an election, such acts would constitute violations of the penalties prescribed by the Act of Assembly which authorized the use of voting machines.

The court admitted this demonstration on the theory that it was for the jury, instructed as to the requirements of the machines, to determine whether the acts of the expert were such as established breaches or were such offenses against the function of the machine as were held by the Supreme Court not to affect its standing in respect to compliance with the Acts of Assembly. The manipulations, however, were such that no reasonable person could view some of them otherwise than as acts which, if performed at an election, would be criminal acts. This being so, the court should have prevented their introduction, as tending to mislead the jury as to the requirements of the contract. In this same connection, the court—perhaps being hypercritical as to the verbiage used—refused defendant's points, notably numbers 17, 18 and 19, which might have led to a clearer perception of the requirements of the contract.

For the reasons recited, defendant's alternative motion for a new trial will be granted.