## Devlin v. Grabler Manufacturing Co. et al.

*Maurice S. Levy*, for claimant.

*Harry Reiss Axelroth*, of *Axelroth & Porteous*, for defendants.

CRUMLISH, J., July 30, 1942.—This matter is before the court pursuant to a stipulation by the parties that it should be heard as though an appeal had been filed by claimant from a decision of the Workmen's Compensation Board dismissing his claim petition and disallowing compensation. The accident for which compensation is claimed is alleged to have occurred on December 2, 1937. A claim petition was filed, and an answer submitted by defendant, whereupon a hearing was held before the referee on May 12, 1938. There was an award of compensation which the board affirmed on appeal. Defendant then appealed to this court from that action of the board. While the appeal was pending the board granted defendant's petition for rehearing. Further hearings were held before the referee on January 14, 1941, and April 3, 1941, and again there was an award of compensation. But this time, on appeal by defendant, the board set the award aside, dismissed the petition, and disallowed compensation. This it did as of January 19, 1942.

On January 29, 1942, claimant submitted to the prothonotary exceptions to the decision of the board.

But, as there was no appeal of record with respect to that decision, claimant and defendant entered into a stipulation, dated February 16, 1942, "that this case shall be accepted by the Court of Common Pleas No. 7 as if an appeal had been taken by the claimant from the second decision of the Workmen's Compensation Board and upon filing of exceptions by the claimant . . . this case shall come for argument before the Court of Common Pleas No. 7 as if an appeal had been taken by the claimant from the second decision of the Workmen's Compensation Board." Claimant then filed of record the exceptions which had been previously submitted on January 29, 1942. Thus, there was still no appeal filed with the prothonotary from the second decision of the board, and no writ of certiorari was issued by him to the board.

These proceedings, we are convinced, were entirely irregular. Section 427 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §872 et seq., provides:

"Any party may appeal from any action of the board on matters of the law to the court of common pleas of the county in which the accident occurred or of the county in which the adverse party resides or has a permanent place of business. . . . Such appeal must be brought within twenty days after notice of the action of the board has been served upon such party, unless any court of common pleas to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal. The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed. . . .

"Upon filing of the notice of an appeal, the prothonotary of the court of common pleas to which the appeal has been taken shall issue a writ of certiorari, directed to the board, commanding it, within ten days after

service thereof, to certify to such court its entire record in the matter in which the appeal has been taken."

It is clear that the proper steps were not taken by claimant to perfect his appeal from the board's decision. The time has long since passed within which the appeal might properly be filed. And though it has been held that defects in the procedure for appeal are waivable: Lucas v. Walters Milling Co. et al., 116 Pa. Superior Ct. 171 (1935); we are of the opinion that the parties cannot, by agreement, confer jurisdiction on the court to hear an appeal which, by statute, is objectionable as untimely. The court cannot sanction such an agreement, for the court itself, in the absence of fraud and imposition, is without authority to extend the time limitations specifically set forth in the act: See Wise v. Cambridge Springs Borough, 262 Pa. 139, 142, 144 (1918); Calabria v. State Workmen's Insurance Fund et al., 333 Pa. 40, 44 (1939); see also Cunningham v. Summit Coal Mining Co., 10 Dept. Rep. (Work. Comp. Supp.) 1829 (1924).

A further difficulty with the present procedure arises out of the fact that no provision was made therein for bringing to this court the record of the prior proceedings before the referee and the board, and without the record we are unable to pass upon the validity of claimant's exceptions. In order to perfect the appeal it would be necessary that the prothonotary issue a writ of certiorari, which he must do, under the act, "upon filing of the notice of an appeal". It is certainly too late, now, to require the prothonotary to issue the writ as though an appeal had been taken (when in fact it has not been properly taken); and even if we were to consider the filing of the stipulation of the parties (on February 16, 1942), as notice to the prothonotary of an appeal, it would avail claimant little, for that, too, was filed too late to be within the time limitation for an appeal.

We are, therefore, constrained to hold that, because of the impropriety of claimant's procedure in attempt-

142

ing to effectuate an appeal from the decision of the Workmen's Compensation Board, there is actually no appeal before us, and we are without jurisdiction to pass upon the validity of claimant's exceptions to the ruling of the board.

Accordingly, we enter the following

## Order

And now, July 30, 1942, these proceedings are dismissed for failure of claimant to pursue the proper statutory procedure for taking an appeal from the decision of the Workmen's Compensation Board.