ALLEGHENY COUNTY, PA., v. MARYLAND CASUALTY CO.

No. 8788.

District Court, W. D. Pennsylvania.

April 30, 1943.

---

956

See, also, 132 F.2d 894.

Walter P. Smart, Sol. for Allegheny County, and Edward G. Bothwell, Asst. County Sol., both of Pittsburgh, Pa., for plaintiff.

Oliver K. Eaton, of Pittsburgh, Pa., Duane R. Dills, of New York City, and George W. Dexter, of Baltimore, Md., for defendant.

GIBSON, District Judge.

After verdict for the plaintiff, the defendant filed a motion for judgment in its favor notwithstanding the verdict, and also an alternative motion for a new trial. On June 9, 1941, the court, acting pursuant to the provisions of Rule 50(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and its interpretation of the decision as to the scope of said Rule in Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L. Ed. 147, ordered that the verdict be vacated and that judgment n. o. v. be entered in favor of the defendant, and also filed an order for a new trial pursuant to the alternative motion. Thereupon the plaintiff appealed.

The Circuit Court of Appeals, 3 Cir., 132 F.2d 894, 897, held that the record did not disclose a final appealable judgment and dismissed the appeal. It based its action on the failure of this court to include in its order for a new trial a provision that such new trial was intended to take the place of the judgment n. o. v. only if the judgment should be reversed.

In dismissing the appeal the court said: "We realize that the district court may well have intended that its new trial order should not be effective so long as the judgment for the defendant n. o. v. remained in effect and that it inadvertently omitted the condition from the order. If this is so it would seem that the court might still vacate or condition its grant of a new trial and thereupon reinstate the judgment for the defendant which then would become a final judgment appealable under Sec. 128 of the Judicial Code, 28 U.S.C.A. § 225."

Pursuant to the suggestion in the opinion of the Circuit Court of Appeals counsel for the defendant, the Maryland Casualty Company, has presented to this court an order which precisely follows the procedure recommended in event it intended that its order for a new trial should not be effective so long as the judgment for the defendant remained. Having been given notice of the presentation of this order, counsel for the plaintiff filed an "Answer" to defendant's motion, and motions (1) to strike from the record so much of the motion of defendant filed June 9, 1941, for judgment in accordance with the motion for a directed verdict, (2) to vacate and set aside the order of the court dated November 15, 1941, in grant of a new trial, 42 F.Supp. 678, and (3) to grant a reargument upon defendant's motion of June 9, 1941, in its entirety.

Prior to the entry of the orders for judgment n. o. v. and for a new trial, this court gave the matters in issue serious consideration; and after hearing a brief outline of his contentions by counsel for plaintiff when his present motion was presented, further consideration has been given to them. As a result the opinions underlying the orders are as originally stated. This being so, a reopening of the case would seem to cause nothing but very undesirable and unproductive delay.

The motions of counsel for the plaintiff (supra) will be denied.