City of Pittsburgh, Appellant, *v.* Workmen's Compensation Appeal Board and Mary Alice Sherred, Appellees.

Argued January 10, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Bernice Hummert*, Assistant City Solicitor, with her *Ralph Lynch, Jr.*, City Solicitor, for appellant.

*Michael B. Kaleugher*, with him *Rosenberg, Kishner & Solomon*, for appellee.

OPINION BY JUDGE ROGERS, February 26, 1974:

The question to be decided in this workmen's compensation case is whether the claimant, Mary Alice Sherred, is entitled to medical expenses incurred after the first 12 months of disability as provided by Section 306(f) of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, 77 P.S. §531.[1] The answer will depend on whether the further medical services applied for were such as would result in restoring the claimant's earning power to a substantial degree.

After hearings, the Workmen's Compensation Appeal Board denied the claimant's application for further medical services. This action was appealed to us and in *Sherred v. Pittsburgh*, 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973), we remanded the record to the Workmen's Compensation Appeal Board with direction that a proper adjudication be filed containing findings of fact and conclusions of law. The Appeal Board then put the matter down for argument by an order which included the phrase: ". . . it is requested that the respective parties present medical reports of the progress of the claimant. . . ." At this argument counsel for the claimant, over objection of the employer, produced, and the Board accepted, written reports

---

[1] Section 306(f) was amended by the Act of March 29, 1972, P. L. , No. 61, §12, effective May 1, 1972, so as to remove the 12 month limitation upon the employer's liability for medical services. It does not apply to the services which are here in litigation.

of four physicians. The Board considered these reports, concluded that they established that the claimant's earning power had been restored to a substantial degree by the questioned services, and directed the employer to pay $18,970.44 in medical expenses incurred subsequent to the filing of the claimant's application. This order is before us in this appeal.

The Workmen's Compensation Appeal Board misapprehended our order of remand. Its purpose was that we might on review have the benefit of findings and conclusions based on the record as it then existed. Hence, the Appeal Board's further consideration of the merits on an enlarged record was unauthorized and improper. *Diaz v. Jones and Laughlin Steel Corporation*, 170 Pa. Superior Ct. 608, 88 A. 2d 801 (1952). However, if we should here simply remand for that limited purpose, in the face of the Board's obvious willingness to hear and consider further relevant medical evidence, we would delay the matter to no good purpose. We have therefore concluded that in the special circumstances here present, we will consider, for the Board's guidance, the other question raised by the appellant and again remand with allowance to the Board, upon application of the claimant, to hear further medical evidence.

We conclude that the Appeal Board committed an error of law in receiving and considering written medical reports over the objection of the employer. The claimant advances as support for the Appeal Board's action, Section 422 of the Act, 77 P.S. §834, which provides that the Board shall not be bound by common law or statutory rules of evidence concerning any hearing or investigation. However, it has been held that Section 422, and similar enactments applicable to administrative and quasi-judicial bodies are not authority for denying parties in adversary proceedings fundamental rights embraced by some rules of evidence. Among such

fundamental rights is that of confronting, cross-examining and refuting witnesses. As the Superior Court wrote in *Cowan v. Bunting Glider Co.*, 159 Pa. Superior Ct. 573, 576, 49 A. 2d 270, 271 (1946), a workmen's compensation case, "It [the right to confront and examine] is a fundamental right without which the prime essentials of a fair trial, according to Anglo-American standards of justice, are not preserved. The board, not less than the courts, must obey the indispensable basic mandates of our jurisprudence." In *Lucas v. Walters Milling Co.*, 116 Pa. Superior Ct. 171, 176 A. 78 (1935), the Superior Court upheld a board which had rejected as evidence physicians' reports containing opinions because these experts were not put on oath and subjected to cross-examination. Further, as the recital here and the opinion of Judge BLATT in our earlier case indicate, this matter has been vigorously conducted by able counsel for both claimant and employer. As President Judge HENNINGER of the Lehigh County Court of Common Pleas, whose opinion the Superior Court adopted in *Frey v. Lehigh Engineering Co.*, 202 Pa. Superior Ct. 596, 199 A. 2d 287 (1964), wrote: "The relaxing of the rules of evidence is permitted in workmen's compensation cases in the futile hope that unlearned claimants might proceed without learned counsel. It was not intended to be employed in a contest between two insurance companies, each with able counsel." *Frey v. Lehigh Engineering Co.*, 32 Pa. D. & C. 2d 583, 588 (1963).

We therefore make the following

ORDER

And Now, this 26th day of February, 1974, the record is remanded to the Workmen's Compensation Appeal Board for further proceedings consistent with this opinion including rehearing, if requested by the claimant, at which her medical evidence may be properly introduced and for findings and conclusions on the whole record.