Commonwealth of Pennsylvania, Frederick Eltonhead and Workmen's Compensation Appeal Board v. Strickland Transportation Corp. and Transport Insurance Company, Appellants.

Argued April 4, 1977, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

464

*Thomas R. Bond,* with him *Edward R. Paul,* and *LaBrum and Doak,* for appellants.

*Thomas F. McDevitt,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, June 9, 1977:

This appeal has been taken from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's setting aside a final receipt and awarding compensation for partial disability to Frederick Eltonhead (claimant). The appellants here, Strickland Transportation Corporation (Strickland) and its insurance carrier, have argued that the Board's decision was erroneous as a matter of law because it did not disapprove the referee's refusal to consider two pieces of evidence offered by Strickland. We disagree and affirm the Board.

While working for Strickland in 1969, the claimant was involved in two incidents in which his back was injured. The first incident, on April 14, 1969, occurred while he was lifting a trunk. After treatment, he was discharged by his doctor and allowed to return to work in late April 1969. On June 27, 1969, he

reinjured his back while unloading 110-pound steel drums from a truck. As a result of this second accident, he was paid compensation for total disability from June 28, 1969 to July 7, 1969 and subsequently signed a final receipt. When he continued to have back problems, he filed a petition to set aside the receipt under the provisions of Section 434 of The Pennsylvania Workmen's Compensation Act[1] (Act).

At the hearing before the referee, Strickland's attorney asked the terminal manager for Strickland whether the claimant had told him that he had tried out for the Philadelphia Eagles in May of 1969. The referee sustained an objection to the question despite Strickland's assertion that it was an admission. Later, Strickland offered into evidence what is apparently an ''Extract of Criminal Record'' from the Philadelphia Police Department. Upon objection, the referee refused to admit this extract.

In our examination of the questions of evidence raised in this appeal by Strickland, we must keep in mind Section 422 of the Act, 77 P.S. §834:

> Neither the board nor any of its members nor any referee shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same.

At the same time, however, as we stated in *City of Pittsburgh v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 246, 249, 315 A.2d 901, 903 (1974), we must be aware that '' '[t]he relaxing of the rules of evidence is permitted in workmen's compensation cases in the futile hope that unlearned claimants might proceed without learned counsel. It was not intended to be employed in a contest between two

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1001.

insurance companies, each with able counsel.' "[2] With this in mind, we may be somewhat guided by nonadministrative case law in Pennsylvania since this appeal is taken by the employer, who was fully and ably represented by counsel below.

As to the question asked concerning the alleged tryout with the Philadelphia Eagles, the referee's exclusion of this evidence was proper if the question was not legally relevant or material to a fact in issue.[3] In a civil case, it is within the discretion of the trial court to decide whether proffered evidence should be excluded because it concerned events which occurred at a time which is not relevant to the case at bar. *Tolentino v. Bailey*, 230 Pa. Superior Ct. 8, 326 A.2d 920 (1974). Here, the referee, who acts in a capacity similar to that of a trial judge in a civil case in passing on the admissibility of evidence, decided that testimony concerning the claimant's alleged tryout with the Philadelphia Eagles in May 1969 would not be admitted. Since the present action involves a petition to set aside a receipt for an injury which occurred in June of 1969, the claimant's health in May of that year is not in issue. Because the question was immaterial, the referee's ruling was not improper.

Concerning the question of whether the "Extract of Criminal Record" was properly excluded by the referee, it is the law in Pennsylvania that production of the best evidence, which here is the record of conviction, is the proper way to prove that someone has been convicted of a crime. *See, e.g., Buck v. Commonwealth*, 107 Pa. 486 (1884). Generally, clear proof must be furnished that the record is authentic, either by the testimony of the records custodian or, in his absence, by a certified copy of the record. *Common-*

---

[2] *See also* 1 A. Barbieri, Pa. Work. Comp. §6.21(1) (1975).

[3] *See generally* 31A C.J.S. *Evidence* §159 (1964); C. McCormick, Law of Evidence §152 (1954).

*wealth v. King,* 455 Pa. 363, 316 A.2d 878 (1974). Here, the only evidence offered was an uncertified copy of arrests and dispositions as noted by the Philadelphia Police Department. The referee properly excluded this extract.[4]

Finding no error of law, we enter this

## ORDER

AND Now, this 9th day of June, 1977, the order of the Workmen's Compensation Appeal Board, dated December 4, 1975, setting aside a final receipt and awarding compensation for partial disability to Frederick Eltonhead, at the rate of $45 per week beginning August 9, 1969, is hereby affirmed, and the appeal of Strickland Transportation Corporation and Transport Insurance Company is dismissed. It is ordered that judgment be entered in favor of Frederick Eltonhead and against Strickland Transportation Corporation and Transport Insurance Company in the amount of $45 per week, beginning August 9, 1969, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

---

[4] Even if the information contained in the extract were sufficiently authenticated, it would still not be admissible for impeachment purposes, since a witness in Pennsylvania may be impeached only by showing a prior conviction and then only if the crime involved dishonesty or false statement, which is not the case here. *See Commonwealth v. Futch,* 469 Pa. 422, 366 A.2d 246 (1976) ; *Commonwealth v. Bighum,* 452 Pa. 554, 307 A.2d 255 (1973).