## Commonwealth v. Zamias (No. 2)

*James M. Schall,* district attorney, for the Commonwealth.
*Martin Nadorlik,* for defendant.

KELLER, *J.*, October 29, 1984—On April 23, 1983, Trooper Robert Moore of the Pennsylvania State Police was on duty monitoring traffic as an

aerial observer in a fixed wing aircraft above the Pennsylvaina Turnpike in Bush Creek Township, Fulton County, Pa. Using a stopwatch Trooper Moore timed defendant's motor vehicle at a speed which exceeded the posted 55 mph limit. As soon as the violation was determined, Trooper Moore radioed his colleagues, Troopers Charles Banks, Arthur Horneff and Winifred Duvall, who were stationed on the ground and identified defendant's automobile as a speeder. Defendant was stopped by Trooper Charles Banks and was issued a citation for speeding.

On September 29, 1983, defendant filed a request for pretrial discovery pursuant to Pa.R.Crim.P. 305A and therein requested the District Attorney of Fulton County to identify both the pilot and the aircraft by the state police for traffic surveillance purposes on the date of the alleged offense. On the same date defendant also filed a motion to compel discovery pursuant to Pa.R.Crim.P. 305 in which he requested the court to order the district attorney to permit defendant's attorney to inspect, copy, photograph or otherwise allow discovery of certain material including (1) copies of all citations issued by Troopers Banks, Duvall and Horneff from noon until 12:30 p.m. on April 23, 1983 at or about the 161.0 mile marker on the Pennsylvania Turnpike; and (2) the total number of citations issued by the troopers during the hours of 9:45 a.m. to 12:30 p.m. on April 23, 1983 at or about the 161.0 mile marker on the Pennsylvania Turnpike and itemize them as to each trooper.

Defendant alleged in his motion that disclosure of this information would not only accomplish the usual objectives of pretrial discovery such as expediting the determination of charges, minimizing surprise at trial and promoting fairness and orderliness of all future proceedings but would also permit defendant to fully organize his defense of improper identification.

On October 10, 1983, the Honorable George C. Eppinger, P.J. considered defendant's motion and order the issuance of a rule on the district attorney to show cause why the discovery prayed for should not be granted. On October 28, 1983, an answer to the rule to show cause was filed denying that the matters requested had been refused, that the citations were relevant or in any way material to the issue and denying that Pa.R.Crim.P. 305 required disclosure in this case.

On March 2, 1984, Judge Eppinger dismissed defendant's petition to compel discovery and held that the information requested was not discoverable under Pa.R.Crim.P.305 because that rule applies only to court cases.

On March 23, 1984, on application of Martin Nadorlik, Esq., of counsel for defendant, subpoenas duces tecum were issued to Troopers Winifred Duvall and Arthur Horneff requiring their appearance in court on September 27, 1984, for the hearing on the appeal of this summary conviction and requiring them to bring with them copies of all citations which they issued on April 23, 1983, between the hours of 11:30 a.m. and 12:30 p.m.

On August 28, 1984, the district attorney filed a motion to quash the subpoenas duces tecum issued to Troopers Duvall and Horneff alleging that the information requested was irrelevant and immaterial. On the same date an order was entered directing a rule issue on defendant to show cause why those portions of the subpoenas in the nature of subpoenas duces tecum should not be quashed. The rule was made returnable on September 18, 1984, at 9:30 a.m. in the Fulton County Courtroom.

On September 5, 1984, defendant filed an answer to the Commonwealth's motion to quash alleging that the subpoenas were issued to compel production of

documents at trial pursuant to defendant's right to compulsory process guaranteed by the Sixth Amendment to the United States Constitution and Article I Section 9 of the Pennsylvania Constitution. Defendant further alleged that the subpoenaed documents were relevant to material issues in the case.

On September 10, 1984, on petition of the Fulton County District Attorney, Merrill W. Kerlin, Esq. was appointed special assistant district attorney for the purpose of representing the Commonwealth at the hearing on the district attorney's motion to quash the subpoena duces tecum scheduled for September 18, 1984.

At the September 18, 1984, hearing when it appeared to us that the issues of fact and law were raised by the motion to quash and defendant's answer, we continued the summary appeal hearing scheduled for September 27, 1984, until disposition of the issue raised by the district attorney's motion. Both parties have filed briefs as directed and the matter is now ripe for disposition.

The Commonwealth contends that the requested citations are irrelevant, immaterial and thus inadmissible in evidence. Analogizing from Commonwealth v. Jackson, 457 Pa. 237, 324 A.2d 350 (1974), which held that a defendant may not subpoena a witness whose testimony would be inadmissible at trial, the Commonwealth urges that documentary evidence which would be inadmissible at trial may not be obtained by a subpoena duces tecum. Therefore, the compulsory process issued to Troopers Duvall and Horneff are invalid and should be quashed.

An accused is guaranteed the right to compulsory process under Article I Section 9 of the Pennsylvania Constitution but he must first establish that the proffered evidence is both relevant and material to his case. Commonwealth v. Coffey, 320 Pa. Super. 49,

331 A.2d 829 (1974). Relevant evidence is that which has both probative value and worth. It is evidence that significantly advances the inquiry and tends to establish some material fact or tends to make a fact at issue more or less probable. Commonwealth v. Davenport, 462 Pa. 543, 342 A.2d 67 (1975); Commonwealth v. Minton, 288 Pa. Super, 381, 432 A.2d 212 (1981); Commonwealth v. Krajci, 283 Pa. Super. 488, 424 A.2d 914 (1981). Evidence is material when it is offered to establish the existence of a fact that is of consequence to the outcome of the case. Commonwealth v. Strickland Transp. Corp., 30 Pa. Commw. 463, 373 A.2d 1188 (1977).

Defendant contends that the State Police apprehended the wrong vehicle on April 23, 1983. To support this defense defendant subpoenaed copies of all citations issued by Troopers Duvall and Horneff on April 23, 1983, between the hours of 11:30 a.m. and 12:30 p.m. Defendant argues that the information contained in those documents is both relevant and material to this case for the following reasons:

(a) One or more dark colored vehicles were pulled over at approximately the same time as defendant's vehicle.

(b) The fact that other vehicles were stopped at or about the same time that defendant's vehicle was stopped make it more probable that the State Police did not accurately identify the offending vehicle.

(c) Defendant believes that a great number of citations were issued in a relatively short period of time making it probable that an error was made in identifying defendant's vehicle.

(d) Since citations were issued within a short period of time, Trooper Moore could not have possibly visually tracked defendant's vehicle continuously for five miles.

(e) All of the foregoing would tend to create a reasonable doubt in the court's mind that the State Police properly and accurately identified and apprehended the actual speeder.

We must agree with defendant that all of the subpoened documents facially appear to be relevant and material evidence. The number of citations issued will establish the number of vehicles stopped at or near the time and place where defendant was stopped. A substantial number of such citations may arguably increase the probability that the police erred in identifying defendant as a violator. Likewise, if a large number of citations were issued over a very short period of time the probability of misidentification may increase. For this reason we are compelled to conclude that the subpoenaed citations are relevant to the issue of identification.

In Commonwealth v. LaPoglia, 22 D. & C. 3d 28 (1981) defendant was issued a citation for speeding after the speed of a vehicle was calculated by a police officer from an aircraft with the aid of a stopwatch. Defendant contended on appeal from his summary conviction that his automobile was only one of a group of vehicles and that he was not correctly identified. Concluding that evidence of the presence of other automobiles at the time of identification was relevant and admissible on the issue of identification, our sister court held.

"We recognize that cars coming from an assembly line, although not fungible, are in many respects quite similar in appearance, size, color, et cetera. The task of [an] observer hovering high in the air, to single out one car from a group traveling down a crowded highway and then accurately to communicate his observations, the results of his surveillance, from the air to his earthbound ally, presents an identification and communication scenario fraught with potential for in-

nocent miscarriage of justice. Much faith is necessarily placed upon the surveillant's visual acuity and verbal agility. In the twinkling of an eye, he must precisely perceive and then accurately translate that visual perception into clear and unambiguous words. The description must be both sufficiently complete to identify the perpetrator as well as to exclude the innocent. Such description would necessarily require a mouthful. Any breakdown in this chain of vision, speech, hearing and comprehension will tend inevitably to engender injustice. As for the potential for a message being misheard, history is replete with ambiguous or misunderstood communiques which resulted in disaster." Id. at 33-34.

Since proper identification of the alleged offender is a material issue in this case, we conclude that the citations in question are probably admissible in evidence at the de novo appeal hearing. For that reason we will dismiss the Commonwealth's motion to quash.

Counsel for the parties stipulated that the Commonwealth's motion to quash should be deemed amended to include subpoenas duces tecum issued to the Commissioner of the Pennsylvania State Police and Trooper Charles Banks. The stipulation of counsel was presented to this court and an order entered on October 18, 1984, amending the motion pursuant to the stipulation.

The preliminary draft of this opinion has been completed prior to October 18, 1984. The issues presented remain the same notwithstanding the inclusion of the Commissioner and Trooper Banks as additional recipients of subpoenas duces tecum. We, therefore, will consider that opinion as being dispositive of all issues raised as to all subpoenas duces tecum.

## ORDER OF THE COURT

Now, this October 29, 1984, the Commonwealth's motion to quash subpoenas duces tecum is dismissed. Exceptions are granted the Commonwealth.