## ALLEGHENY COUNTY v. MARYLAND CASUALTY CO.

### No. 8415.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 5, 1943.

Decided Dec. 22, 1944.

Edward G. Bothwell, of Pittsburgh, Pa. (Walter P. Smart, Co. Sol., of Pittsburgh, Pa., on the brief), for appellant.

Oliver K. Eaton, of Pittsburgh, Pa., (Duane R. Dills and Jack J. Levinson, both of New York City, and George W. Dexter, of Baltimore, Md., on the brief), for appellee.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In this case the County of Allegheny, Pennsylvania, sued Maryland Casualty

Company, as surety for the Poole Engineering and Machine Company, on claims arising out of the alleged breach by the Poole Company of its contract for the delivery of eleven hundred voting machines to the County. The action was originally commenced in the State Court and removed to the United States District Court because of diversity of citizenship which is the basis of the federal jurisdiction. Testimony for the County indicated damages in excess of $850,000. There was a jury verdict in the District Court of $200,000 (the extent of the bond plus interest) in favor of the plaintiff. Thereafter the trial judge set the verdict aside with judgment entered for the defendant. Defendant was allowed a new trial conditionally on other grounds. This appeal is by the plaintiff from the judgment in favor of the defendant.

The bond in suit and the sales contract on which it is based, were entered into on March 26, 1931. The machines were all delivered to and accepted by the plaintiff and the purchase price was paid in full. The amended complaint alleged that the contract implied a warranty of fitness of the machines for public use at the polls by the electorate of Allegheny County. Breaches of express warranties of the contract were also asserted. Breach was also alleged of the so-called five year promise in the contract whereby defendant agreed at its own expense to make such " * * * alterations, repairs, replacements, etc., in accordance with the specifications." By Paragraph 12 of the Specifications, the contractor, for a period of five years, without cost to the County, engaged to make good "by repair or replacement, any imperfections or defects· in the material, mechanism or workmanship in any and all machines purchased, provided said machine shall be properly cared for, etc. * * *" The complaint further stated that the defects in the material, mechanism, workmanship, design and construction of the machines, "were inherent and latent in said machines when they were delivered and accepted and were of such character as not to be then apparent to or discoverable by plaintiff but could and did only become known to plaintiff by and through use of the machines in service and by and through an extended process of experimental tests of and changes in the materials, construction and mechanism of the various operating parts and assemblies of said machines which their said use suggested, indicated and disclosed to be necessary."

The answer denied breach of the contract. It set up res adjudicata as an affirmative defense, alleging that the matters complained of had all been concluded in a certain taxpayer's suit of Bassett et al. v. The Commissioners, Controller and Treasurer of the County of Allegheny and the Poole Company. In its reply to that defense the County plaintiff denied: that it was a party defendant, either nominal or real, in the Bassett action; that any relief was sought against it in said action; that the Bassett case was tried on its merits; that any of the County's rights because "of the alleged latent character of the alleged defects in the machines had matured when said suit in equity was instituted, pleaded, tried and determined and none of said rights of plaintiff were involved in any way in said suit in equity." Specifically and generally the plaintiff denied that the Bassett litigation was in any way determinative of its claim in the instant action.

At the trial below, the record in the Bassett case was admitted in evidence over plaintiff's objection and went to the jury. Testimony on behalf of the plaintiff tended to show that there were various defects in the machines and that those defects were latent and not known to plaintiff until after the conclusion of the Bassett litigation.

Following the verdict in favor of the plaintiff, the defendant made an alternative motion for a new trial. The trial judge, after argument, held: "Being of opinion that the defendant, in privity with the Poole Company, was entitled to rely upon the judgment in favor of Poole in Bassett v. Armstrong, supra, the Court will enter judgment in its favor notwithstanding the verdict." The Court then made an order setting the verdict aside with judgment to be entered in favor of the defendant. Later the Court set that order aside and made two new orders, one, allowing a new trial to the defendant " * * * alternative to its motion for judgment granted as of even date hereof * * *" and the second, setting aside plaintiff's verdict and directing that judgment be entered for the defendant. Plaintiff appealed to this Court from the latter order. The record as it then stood did not disclose a final judgment. For this reason we dismissed the appeal saying [132 F.2d 894, 897]:

"We realize that the district court may well have intended that its new trial order should not be effective so long as the judgment for the defendant n.o.v. remained in

effect and that it inadvertently omitted the condition from the order. If this is so it would seem that the court might still vacate or condition its grant of a new trial and thereupon reinstate the judgment for the defendant which then would become a final judgment appealable under Sec. 128 of the Judicial Code, 28 U.S.C.A. § 225."

Thereafter the Trial Court made a new order in line with our suggestion.[1] It is from the judgment entered in favor of the defendant on that order, that this appeal was taken. The important question is whether defendant as surety for performance by the contractor Poole Company, was entitled to rely upon the judgment in favor of Poole in the Bassett case. It is not disputed that the Pennsylvania law as to res adjudicata controls.

In the Bassett suit, a taxpayer's bill in equity was filed in the Pennsylvania Court of Common Pleas for Allegheny County. The defendants were: "Joseph G. Armstrong, E. V. Babcock, and Charles C. Mc-Govern, County Commissioners of the County of Allegheny; Robert G. Woodside, Controller of the County of Allegheny, John Francies, Treasurer of the County of Allegheny and Poole Engineering and Machine Company, a corporation." The bill sought to enjoin payment to Poole of the unpaid balance of the purchase price of voting machines sold by the Poole Company to Allegheny County. It was tried before a Common Pleas Judge sitting as Chancellor who, after hearing the complainant's evidence, dismissed the bill. In his opinion Judge Patterson as Chancellor, said:

"Plaintiff having rested, defendant, the Poole Engineering and Machine Company, has moved to dismiss the bill. We are of opinion that the case alleged in the bill has not been sustained by the evidence and that a decree of dismissal must be entered."

An order was entered dismissing the bill on motion of the defendants December 29, 1941. Prior to the matter coming on before the Court en banc on plaintiffs' exceptions, Poole, the contractor, instituted mandamus proceedings against the County for payment of the balance due under the contract. As a result of these, payment was made before the exceptions were heard. The Court thereafter, in disposing of the case, said in its opinion, also by Judge Patterson,

"Meanwhile, upon petition of the Poole Engineering & Machine Company, a writ of peremptory mandamus was granted, directing the County Commissioners to pay to the petitioner in that case the balance claimed to be due on the voting machines. Pursuant to the writ, an order for payment was made and the whole amount has been paid.

"It at once appears from a scrutiny of the pleadings and the evidence *that the issue raised has become a moot question, and argument or discussion thereof purely academic.* On a bill to restrain a public officer from paying money that has been paid, the question of right is a moot question: Wilson v. Shaw, 204 U.S. 24-30, 27 S.Ct. 233, 51 L.Ed. 351.

"The exceptions, in our opinion, must be dismissed, and we *therefore* affirm the Order made on December 29th, 1931, dismissing the bill, on the opinion filed by the Chancellor, and direct the entry of said Order as a final decree." (Emphasis ours.)

The order of the Court reads:

"And now, to-wit, this 22 day of March 1932, the exceptions ex parte plaintiff are overruled, and the Order of December 29th, 1931, dismissing the bill, is affirmed."

On an appeal to the Supreme Court, Bassett v. Armstrong, 309 Pa. 296, 163 A. 525, 526, the latter said in its opinion of November 28, 1932:

"When the exceptions filed in the instant case came on for argument, the court overruled them and entered a final decree dismissing the bill, *solely because the ques-*

---

[1] The pertinent parts of this order are:

"1. It is ordered and directed that the grant of a new trial by order of November 15, 1941, is hereby vacated in order to reinstate and enter judgment for defendant n. o. v.;

"2. It is further ordered and directed that the verdict in favor of the County of Allegheny, plaintiff in the above entitled cause, is hereby vacated and set aside, and the judgment n. o. v. entered November 15, 1941, is hereby reinstated effective as of this date, and judgment is entered for the Maryland Casualty Company, defendant, and against said County of Allegheny, plaintiff;

"3. It is further ordered and directed that alternative to the judgment herein and hereby reinstated and entered for defendant n. o. v. a new trial is granted for reasons recited in the memorandum opinion of this Court, conditioned to take the place of the judgment n. o. v. as an alternative or succedaneum only if and when the judgment n. o. v. shall be vacated by reversal on appeal."

*tions attempted to be raised by it had become moot by reason of the award of the peremptory mandamus, and the payment in full of the contract price.* From that decree the present appeal is taken by the plaintiff and intervening plaintiffs.

"It is clear that ordinarily the actual facts of a delivery of all the machines contracted for, and a payment in full for their contract price, would render moot a proceeding to prevent such delivery and payment; but appellants assert that a different conclusion must be reached here, because the contract provides for the contractor making 'alterations, repairs or replacements (necessitated) by reason of any inperfections or defects,' which may later appear, and that this is not concluded by the mandamus and payment. True, but neither is it by anything done in this proceeding. If they do subsequently appear, within the time limit specified in the contract, and the county officials will not proceed against the contractor and/or the surety, doubtless appellants can find an appropriate remedy. The question cannot be raised in this proceeding, however, since there is neither pleading nor proof on the subject (Luther v. Luther, 216 Pa. 1, 64 A. 868), especially as there is no presumption that the county officials, who will be serving at the time such defects, if any, are discovered, will not do their whole duty.

\*  \*  \*  \*  \*  \*  \*

"The decree of the court below is affirmed, and the appeal is dismissed, but, so far as this court is concerned, without costs to either party." (Emphasis ours.)

The Chancellor in dismissing the Bassett bill of complaint on defendant's motion at the conclusion of the plaintiffs' case in effect granted a non-suit. Pennsylvania Equity Rule 66. The only question before the Court was whether the bill had been sustained by the evidence.[2] Thereafter, before plaintiffs' exceptions could be heard by the Court en banc, the result of the collateral mandamus action had forced payment of the contract balance by the County. As the Court en banc says prevention of this was "the issue raised" in the Bassett suit. That question having become moot, the exceptions were dismissed and a final decree entered. The Supreme Court, for the same reason, affirmed the decree and dismissed the appeal. The mere statement of the above facts would seem to indicate clearly that the Bassett action was never finally determined on its merits. The defendant, however, urging that there was such decision points to the following excerpts from the opinions in question as supporting that thought, namely, where the Chancellor said:

"In the light of the manner in which one machine functioned and the efficiency of the others except for the judicial officers referred to, it appears to the Chancellor and *we so find that there is no inherent defect in the machine.*"

\*  \*  \*  \*  \*  \*  \*

"In Plaintiffs' testimony, *we would be compelled to find, we think,* as a fact that the machines are efficient for their intended purpose and that they conform to the requirements of the contract and specifica-

---

[2] Defendants' motion was:

"1. The causes of action set up in the Bill have not been proven.

"2. There being no allegation that the type of machine sold by the Poole Engineering & Machine Company, to the County of Allegheny was anything other than the type of machine approved by the State of Pennsylvania, and it not having been shown that there was any failure in respect of the machine so delivered to comply with the specifications of the County of Allegheny and the law of the State of Pennsylvania, the decree prayed for cannot be granted and the Bill should be dismissed.

"3. Under the evidence in this case there is no method or means by which the Court could, in respect of any particular machine alleged to have shown a failure of performance, determine whether or not said machine had already been

paid for by the County of Allegheny, and if it had been paid for, the decree could not be granted by reason of any such evidence with respect to such machine, or any other like machine.

"4. That upon the whole proof, under the averments of the bill there is no such evidence before the Court properly pleaded as would warrant the Court in finding there had been any such failure of performance on the part of the Poole Engineering & Machine Company of the contract in question which would warrant the Court in issuing a decree which would, in effect, usurp the powers of the properly elected and duly constituted authorities of the County of Allegheny, State of Pennsylvania, upon the basis of the filing of a taxpayer's Bill.

"5. That the proof is generally insufficient to be made the basis of the decree prayed for."

tions and the law existing at the time the contract was made; and so finding, *would be* required to conclude as a matter of law that the county must pay the balance due." (Emphasis ours.)

and to what the Court en banc said when it dismissed the exceptions:

"The exceptions, in our opinion, must be dismissed and we *therefore* affirm the Order made on December 29th, 1931, dismissing the bill, *on the opinion filed by the Chancellor,* and direct the entry of said Order as a final decree." (Emphasis ours.)

The defendant then refers to the following language in the Supreme Court opinion:

"The chancellor found as a fact, upon a consideration of plaintiff's testimony only 'that the machines are efficient for their intended purpose and that they conform to the requirements of the contract and specifications and the law existing at the time the contract was made; and so finding, we would be required to conclude as a matter of law that the county must pay the balance due' on the contract. He therefore reported in favor of dismissing the bill."

and lastly to that part of the District Court opinion reading [42 F.Supp. 672, 674]:

"The opinion contained a finding of fact to the effect that the machines were efficient and conformed to the requirements of the contract. One of the exceptions to the action of the court in dismissing the bill was directed to such finding of fact. In the opinion of the Supreme Court this finding was recognized as such."

In the face of what really happened in and to the case as shown by the opinions, the above quoted language of the Court en banc and of the Supreme Court cannot be reasonably construed as upholding the proposition that the Bassett issue was passed upon by either Court. By the time the matter reached the Court en banc it had become academic. The exceptions were, therefore, formally dismissed without hearing. That course was thereafter expressly sustained by the Supreme Court. With no final adjudication of the meritorious issue involved in Bassett v. Armstrong, it follows that the judgment in that case

does not control the present suit. In the absence of a specific decision on the exact point by the Pennsylvania Courts and under the pleadings and proofs here, the general statement of the law in the American Law Institute Restatement Law of Judgments Section 69 (2) may be taken as the law of Pennsylvania and is applicable. That reads:

"(2) Where a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is immaterial or moot, the judgment is not conclusive against him in a subsequent action on a different cause of action."

Altsman v. Kelly, 336 Pa. 481, 9 A.2d 423, 426, cited by the District Judge in support of his finding stands for the fundamental principle that an unreversed judgment entered, after a consideration and determination of the legal sufficiency of the evidence to support the case as upon demurrer thereto, still exists. In that very case the doctrine did not apply "because the motion to remove the nonsuit was withdrawn before it was acted upon by the court in banc." In the Bassett suit the plaintiffs' exceptions were never heard or decided. Nor do we see that Pennsylvania Equity Rule 66 is at variance with our view.[3] That rule of necessity presupposes consideration of exceptions by the Court or referee and not as here, where, because there was no longer an issue, the exceptions were simply dismissed without ever being passed upon by the Court.

While of small consequence in the view we take of this phase of the case, it should be noted that a plain reading of the Chancellor's language reveals that he never actually found as a fact that the machines were efficient and conformed to the contract. It should be further noted that the Bassett plaintiffs did not concede by their exception that the Court had found such facts. The particular exception was to the "court's statement" and not to "such finding of fact" as the District Judge states in his opinion.

Our above decision renders it unnecessary to consider appellant's other points on the question of res adjudicata. The bal-

---

[3] "If the judge or referee, upon the close of plaintiff's evidence, shall be of opinion that the case made in the bill has not been sustained, he shall have power, without hearing evidence on behalf of defendant, to enter a decree of dismissal which shall have the effect of a nonsuit at law. If exceptions are filed to such a decree, and the court or referee refuses to change it, it shall become a final decree for all purposes, and subject to appeal exactly as if it had been entered after a hearing of both parties."

ance of appellant's contentions have been covered, as much as need be, in our statement as to the prior appellate history of this suit.

Reversed.