## WOODBURY v. PORTER.
### No. 13393.

Circuit Court of Appeals, Eighth Circuit.
Dec. 13, 1946.

Raymond E. Hanke and Ralph L. Powers, both of Des Moines, Iowa, for appellant.

David London, Director, Litigation Division, OPA, of Washington, D. C. (George Moncharsh, Deputy Adm'r for Enforcement, Albert M. Dreyer, Chief, Appellate Branch and Stanley B. Frosh, Atty., OPA, all of Washington, D. C., George E. Leonard, Regional Litigation Atty., of Chicago, Ill., and Mr. Allan R. Shepherd, Dist. Enforcement Atty., of Des Moines, Iowa, on the brief), for appellee.

Before GARDNER, SANBORN and WOODROUGH, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from the judgment in an action for damages brought under Section 205(e) of the Emergency Price Control Act of 1942 as amended, 50 U.S.C.A. Appendix, § 925(e), and the Maximum Rent Regulation 46(a). On October 26, 1945, the Administrator of the Office of Price Administration filed complaint against J. G. Woodbury, seeking to recover treble damages. The parties will be referred to as they were designated in the trial court.

The complaint alleged that defendant on or about October 21, 1942, increased the rents for all occupants of his rooming house at No. 1421 Pleasant Street, Des Moines, Iowa, and had continuously since

that date charged the occupants the rents as so increased. A detailed summary of over-charges made for the period from October 28, 1944 to September 22, 1945, was attached to and made a part of the complaint. Defendant by way of answer set up a plea in bar to the effect that the case had already been adjudicated by a former proceeding instituted by plaintiff against defendant August 3, 1945; that in said former proceeding the Administrator alleged that defendant had increased the rents and was continuing to charge the increased rents as in the instant action; that in said prior action plaintiff asked a temporary and permanent injunction directing defendant to post and keep posted in his rooming house the maximum rents as provided by the regulation and to perform any and all acts, requirements and obligations of the applicable regulation; that a temporary injunction was issued which by final judgment was made permanent.

The court overruled this plea in bar and assessed damages against defendant in the sum of $965 and costs, the court finding that the facts were not in dispute and that the causes of action and claims and demands of the two suits were separate and distinct causes of action.

Defendant contended in the trial court and renews the contention here that to permit plaintiff to maintain this action against him would be to permit a splitting of one cause of action, and that plaintiff was precluded from maintaining this action by reason of the judgment in the former action. The facts are not in dispute.

■ A litigant cannot with impunity split up a single claim so as to make it the basis of more than one cause of action. Litigation should have an end and the law will not permit one thus unnecessarily to harass his adversary with a multitude of actions. If a person brings suit for a part only of his claim, and such suit proceeds to final judgment, he cannot thereafter maintain an action for the balance of his claim or demand. Deweese v. Smith, 8 Cir., 106 F. 438, 66 L.R.A. 971; Taylor v. Continental Supply Co., 10 Cir., 16 F.2d 578; Harrison v. Remington Paper Co., 10 Cir.,

140 F. 385, 3 L.R.A.,N.S., 954, 5 Ann.Cas. 314. The rule, however, does not prevent the bringing of separate actions on separate causes of action even though they might all have been joined in a single suit. United States v. Haytian Republic, 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930. It is therefore necessary to consider the nature of plaintiff's claims for the purpose of determining whether they constitute a single cause of action or two separate and distinct causes of action. One of the tests for determining whether the cause of action asserted in a suit is the same as that prosecuted in a prior suit is whether or not proof of the same facts will support both actions. Harrison v. Remington Paper Co., supra; United States v. Haytian Republic, supra; United States v. Pan-American Petroleum Co., 9 Cir., 55 F.2d 753. If the same evidence will support both actions there is deemed to be but one cause of action. Of course, the mere fact that the same evidence may be admissible under the pleadings in each action is not necessarily controlling, but even though the evidence may be admissible and is in part the same, but the subject matter is essentially different, the actions are not identical. In the final analysis the test would seem to be whether the wrong for which redress is sought is the same in both actions. McKnight v. Minneapolis Street Railway Co., 127 Minn. 207, 149 N.W. 131, L.R.A.1916D, 1164. The mere fact that different demands may spring out of the same act or contract does not itself render a judgment on one a bar to a suit upon another.

■ The first suit was an injunction action, while the second suit was for damages. The pleadings in the action for damages would be wholly inadequate as a basis for an injunction. To sustain an action for injunction it would be necessary to plead and prove threatened violations of the act and it has been held that if it is clear that violations will not be repeated, an injunction cannot be obtained as the purpose of an injunction is to prevent continued wrongful acts rather than to redress past grievances. N.L.R.B. v. Express Publishing Co., 312 U.S. 426, 61 S.Ct. 693, 85 L.Ed. 930. No such pleading nor proof would be essential in the action to recover damages. By Sec-

tion 205(a) of the Amended Stabilization Act, provision is made that the Administrator may seek an injunction whenever in his judgment "a person has engaged or is about to engage in any acts or practices which constitute a violation of any provision of Section 4 of this Act." By Sections 205(b) and 205(e), he is authorized to sue for damages for past violations. The injunctional relief is for protection from future violations, while the action for damages is the remedy afforded for violations that have already taken place. We are clear that the judgment enjoining the defendant from further violations of the Act did not constitute a bar to the subsequent action for damages. Kelliher v. Stone & Webster, 5 Cir., 75 F.2d 331; United States v. Pan-American Petroleum Co., supra; National Lead Co. v. Nulsen, 8 Cir., 131 F.2d 51. By the same test it is clear that the doctrine of res judicata does not apply. The judgment appealed from is therefore affirmed.