**FLEMING, Temporary Controls Adm'r,
KNUDSON & MERCER LUMBER CO.**

No. 9140.

Circuit Court of Appeals, Seventh Circuit.

Jan. 29, 1947.

W. L. McKay, Otto W. Berg, and Brewer & Farrell, all of Chicago, Ill., for appellant.

David London and Albert M. Dreyer, both of Washington, D. C., and George Leonard, Jacob Cohen, and Isadore L. Kovitz (O.P.A.), all of Chicago, Ill., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

The plaintiff brought this action pursuant to authority granted by the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix § 901 et seq., seeking an injunction and treble damages. The specific violations alleged were sales of lumber at prices in excess of those provided in Maximum Price Regulation No. 19 (8 F.R. 11846). The Regulation permitted a direct-mill distributor to add under certain circumstances 6% to the mill's base prices. The Regulation contained a proviso designated as Sec. 5a (c), which reads as follows:

"*Exceptions in case of financial control.* This section 5a does not in any case apply to the sale of lumber manufactured or concentrated by a mill or concentration yard controlled by the distributor, or controlling the distributor, or under common control with the distributor."

By reason of defendant's admissions in response to plaintiff's notice to admit facts, the only issue before the lower court was whether defendant's activities were within the provisions of this exception. The case was tried to the court, which made findings of fact and rendered its conclusions of law, including the one pertinent to the issues made below and on this appeal, as follows:

"The defendant controlled the K & M Lumber Company within the meaning of the exception contained in the Regulation as first expressed in Section 5(a) (c) and later restated in Section 6(a) (6) of the Regulation. This control was not changed by the sale of the 75 shares of stock on June 5, 1944."

As a result of such findings and conclusions, judgment was entered for the plaintiff, granting an injunction and allowing damages in the amount of the prices received by defendant in excess of those fixed by the Regulation.

Defendant concedes in its brief, "if defendant financially controlled K & M Lumber Company, it, defendant, had no right to sell the lumber in question at a price made up of the mill price to it plus 6% and if defendant did not financially control K & M Lumber Company, then it did have the right to add said six per cent and is not liable in this suit."

The court's conclusion undoubtedly is sound if justified by its findings of fact.

As to the latter, of course, we are bound if they are substantially supported by the evidence. We have reviewed the record and are of the view that they are thus supported.

Without going into detail, the facts as shown may be briefly summarized thus: The K & M Lumber Company was organized in 1930, with a capitalization of $15,000, as evidenced by 150 shares of stock. Mr. Beelman, treasurer, director, stockholder and manager of defendant assisted in its creation, became its president and one of its stockholders. The defendant corporation, from 1930 to June 1944, owned 75 shares or 50% of K & M Lumber Company stock. Messrs. Knudson and Hedberg, directors, officers and stockholders of defendant corporation, were also directors, officers and stockholders of K & M Lumber Company. Mr. Beelman from January 1938 has owned 18 shares of stock in K & M; Mr. Hedberg has owned 9 shares of the same stock since 1930; Mr. Knudson owned 10 shares of stock in the company until April 1944, when because of his death the stock became the property of the personal representative of his estate. The remaining 38 shares of stock of K & M Lumber Company were owned by Mr. Thomasson who, on June 6, 1944, acquired the 75 shares held by the defendant corporation. Thus it appears that during the period of the alleged violations Mr. Thomasson was the only person with a proprietary interest in the K & M Lumber Company who was not an officer, director or stockholder of defendant. It is also true that all of the officers, directors and stockholders of the K & M Lumber Company, with one exception, Mr. Thomasson, were also directors, officers or stockholders of the defendant. The K & M Lumber Company has sold all of its lumber to the defendant, with the possible exception of some small sales to the United States government; the defendant has a voice in the type of lumber produced by K & M Lumber Company; the defendant has advanced large sums of money for the operations of K & M since its inception, and K & M has practically always been indebted to defendant.

We are of the view that these undisputed facts and other facts and circumstances shown by the record amply support the court's findings and conclusions that defendant had control, financial and otherwise, of the K & M Lumber Company and was therefore not entitled to the benefit of Sec. 5a (c).

Inasmuch as the defendant controlled the K & M Lumber Company within the purview of Section 5a (c), we think the argument that plaintiff was erroneously permitted to amend his complaint by including subsequent amendments which became effective at a date later than the violations alleged, is immaterial. Obviously, if defendant violated the original enactment it was unnecessary for plaintiff to amend his complaint. The lower court's conclusion, previously set forth, shows that in his view the original enactment had been violated. Moreover, the plaintiff, as he was also seeking an injunction in addition to damages, was entitled to show violations up to the time of the hearing upon the propriety of the issuance of the injunction; so the amendments were properly before the court.

Defendant also argues that the Administrator was not the proper party to bring this suit. The lower court found, and defendant admits the verity of the finding, that "With the exception of 10 cars of lumber sold to the United States Government, all of this lumber was sold and delivered by the defendant to purchasers for use or consumption in the course of trade or business." This finding clearly establishes the right of the Administrator to maintain this suit under Sec. 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(e). We have so held. See Bowles v. Barker, 7 Cir., 155 F.2d 1022 and cases there cited. Also, Bowles v. Jones, 10 Cir., 151 F.2d 232, 234.

It follows from what we have said that defendant did not have the right to collect the 6% added to the price of lumber produced by K & M Lumber Company and thereafter sold by the defendant, and that the judgment for damages was proper.

Inasmuch, however, as the Regulations upon which the instant action is predicated are no longer in effect, we see no reason why the injunction should be maintained, even though it was proper when issued. The purpose for which it issued no longer exists and we think it should be dissolved. The judgment of the lower court is therefore affirmed as to damages and reversed as to the injunction, with directions that the latter be dissolved.