FLEMING, Administrator, Office of Temporary Controls, v. MUNSINGWEAR, Inc.

No. 13391.

Circuit Court of Appeals, Eighth Circuit.

June 19, 1947.

126

Samuel Rosenwein, of Washington, D. C. (George Moncharsh, David London, Albert M. Dreyer, and George E. Leonard, all of Washington, D. C., on the brief), for appellant.

John M. Palmer, of Minneapolis, Minn. (F. H. Stinchfield and Stinchfield, Mackall, Crouse & Moore, all of Minneapolis, Minn., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by appellant's predecessor seeking injunctional relief under Section 205(a) of the Emergency Price Control Act, as amended, 50 U.S.C.A.Appendix, § 925(a), and for statutory damages under Section 205(e) of the same Act. The complaint alleged two distinct causes of action, one for the recovery of damages and the other for a permanent injunction. The cause of action seeking injunctional relief alone was tried resulting in findings which determined all the controverted issues of fact in favor of appellee and in conclusions of law to the effect that appellant was not entitled to equitable relief. On the findings and conclusions so made, filed and entered the court entered judgment of dismissal and this appeal followed. The parties will be referred to as they appeared in the trial court.

Defendant has filed a motion to dismiss the appeal or to affirm the judgment on the grounds that appellant's statement of points failed to attack any specific ruling or action of the trial court with respect to which error is charged, and that appellant's points constitute an attack only upon the trial court's opinion.

In seeking reversal plaintiff in his brief sets forth his points relied upon as follows: "1. The District Court erroneously dismissed the suit, since, under the proper construction of Maximum Price Regulation No. 221, as amended, defendant had not made sales before February 10, 1942, by written order or contract for the fall and winter season of 1942, nor had it had a written or printed price list for the fall and winter season of 1942, which was distributed generally to its customers on or before February 10, 1942. 2. The District Court misconstrued Maximum Price Regulation No. 221, as amended, in holding that the term 'for the fall and winter season of 1942' refers to the time when garments were to be resold by retailers or worn by consumers, instead of holding that the term refers to the manufacturer's selling season. 3. The District Court erroneously concluded that defendant's price lists, identified as plaintiff's exhibits I and J, were distributed generally to defendant's customers or prospective customers on or before February 10, 1942, within the purview of Maximum Price Regulation No. 221, as amended. 4. The District Court errone-

ously concluded that defendant at all times complied in all material respects with Maximum Price Regulation No. 221, as amended." Other than the foregoing, the brief contains no statement of points relied upon and intended to be urged on appeal. Rule 11(b) Fourth of this court provides that appellant's brief shall contain, among other things, "A separate and particular statement of each assignment of error (in criminal cases), or of each point relied upon (in civil cases), intended to be urged, with the record page thereof." Although the court entered detailed findings of fact separately paragraphed and numbered, and likewise entered its conclusions of law on the facts so found, the statement of points relied upon challenges no finding of fact nor conclusion of the law, nor alleged error in the admission or rejection of evidence, and does not direct this court's attention to any specific ruling or action of the trial court. Referring to this rule of court, in Cohen v. United States, 8 Cir., 142 F.2d 861, 863, we said:

"The purpose in requiring that appellant's brief contain a separate and particular statement of each point relied upon intended to be urged, is to point out to the appellate court the specific ruling or action of the trial court which is challenged as erroneous and to limit the presentation in the appellate court to the matters in the specifications as stated in the brief."

See, also: New York Casualty Co. v. Young Men's Christian Ass'n., 8 Cir., 119 F.2d 387; American Insurance Co. v. Scheufler, 8 Cir., 129 F.2d 143; E. R. Squibb & Son v. Mallinckrodt Chemical Works, 8 Cir., 69 F.2d 685; Hard & Rand v. Biston Coffee Co., 8 Cir., 41 F.2d 625; Butler v. United States, 8 Cir., 108 F.2d 27; City of Goldfield v. Roger, 8 Cir., 249 F. 39.

As the findings are presumed to be correct and as they unchallenged sustain the judgment of dismissal we should be warranted in affirming the judgment. In a second motion, however, defendant moves to dismiss the appeal on the ground that the case has become moot by virtue of the Executive Order of the President of the United States issued on November 12, 1946, annulling all price control regulations issued under the Emergency Price Control Act of 1942 except those covering the commodities of sugar, rice and rent. As has been observed, the complaint separately stated two causes of action, one for the recovery of damages, and the other for an injunction. We have held that these are distinct causes of action. Woodbury v. Porter, 8 Cir., 158 F.2d 194. In the instant case, by agreement of the parties, the injunction case alone was tried, and based upon this agreement the court ordered that the second count of the complaint by which treble damages were sought should be held in abeyance. An examination of the record discloses that no evidence was introduced in support of the claim for damages so that at the close of the case as tried the only relief which plaintiff, if his contentions were sustained, was entitled to was a permanent injunction. On appeal therefore the injunction case only was brought to this court.

The Emergency Price Control Act, Section 205(a) provides that:

"Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

As has been observed, on November 12, 1946, the President removed defendant's commodities from all price control and as to it annulled Maximum Price Regulation No. 221. The lower court having denied an injunction and there now being no law which would sustain the injunction sought by plaintiff, it seems clear that the case has become moot. As said in Fleming v. Knudson & Mercer Lumber Co., 7 Cir., 159 F.2d 212, 215:

"Inasmuch, however, as the Regulations upon which the instant action is predicated are no longer in effect, we see no reason why the injunction should be maintained,

even though it was proper when issued. The purpose for which it issued no longer exists and we think it should be dissolved."

This court can concern itself only with actual controversies. Chicago Great Western R. Co. v. Beecher, 8 Cir., 150 F.2d 394; Northwestern Light & Power Co. v. Town of Milford, Iowa, 8 Cir., 82 F.2d 45; Adams v. United States ex rel. Palmer, 8 Cir., 29 F.2d 541; American Book Co. v. Kansas ex rel. Nichols, 139 U.S. 49, 24 S. Ct. 394, 48 L.Ed. 613.

The appeal will therefore be dismissed.