## UNITED STATES v. MUNSINGWEAR, Inc.
### (two cases).
### Nos. 13875, 13876.

United States Court of Appeals
Eighth Circuit.

Nov. 22, 1949.

John W. Graff, United States Attorney, St. Paul, Minn., for appellant.

John M. Palmer, Minneapolis, Minn. (Frederick H. Stinchfield and Stinchfield, Mackall, Crounse & Moore, Minneapolis, Minn., were with him on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

The question for decision is whether the unconditional dismissal by this Court of an appeal from a judgment of a District Court, entered after a trial on the merits of a case controlled by federal law, prevents the judgment from becoming a bar to the relitigation, in a subsequent action between the same parties upon a different claim, of the identical issue determined by the judgment, if the dismissal of the appeal was based upon the conclusion that the case had become moot.

These appeals are from judgments dismissing two actions for treble damages, upon the ground that an identical and controlling issue in each had been previously tried and determined in a prior action and that the judgment in that action barred the relitigation of the issue.

There is no substantial dispute as to the pertinent facts. On June 9, 1944, Chester Bowles, Administrator, Office of Price Administration, filed a complaint in the District Court against Munsingwear, Inc. (No. 13,875 in this Court). Two claims were stated in the complaint in two separate counts. The first was for an injunction, under § 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 925(a), to prevent the alleged violation by the defendant of Maximum Price Regulation No. 221 as amended. The second was for treble damages under § 205 (e) of the same Act, 50 U.S.C.A.Appendix, § 925(e). Each of the counts charged that the defendant had violated and was violating the Regulation in the pricing of its

goods. In its answer the defendant denied that it had violated the Regulation.

By agreement of the parties and a pretrial order of the District Court, the treble damage claim stated in the second count of the complaint was to be held in abeyance until the final adjudication of the claim for an injunction stated in the first count.

On June 6, 1945, the same plaintiff brought another action against the defendant for treble damages under § 205(e) of the Act for the alleged violation of the same price regulation during the year subsequent to the period covered by the complaint in the first action. (The second action is No. 13,-876 in this Court.) This action, by agreement, was continued pending the outcome of the trial of the first or injunction count of the complaint in the first action.

The sole issue under the injunction count (Count One of the complaint in the first action) was whether the defendant had or had not violated Maximum Price Regulation No. 221 in the pricing of its goods. If that issue were to be finally adjudicated in favor of the defendant, the plaintiff would not be entitled to an injunction nor to treble damages. If, on the other hand, the issue were to be decided in favor of the plaintiff, the final judgment would settle the question of his right to an injunction and to damages, and the only remaining issue in the treble damage actions would be the amount which he was entitled to recover under the second count of the complaint in the first action and under the complaint in the second action.

The issue under the injunction count was tried to the District Court in May, 1945. The court filed its opinion on October 22, 1945. Bowles v. Munsingwear, Inc., 63 F. Supp. 933. Findings of fact and conclusions of law were filed on January 19, 1946. The court determined that the defendant had "at all times complied in all material respects with MPR 221 as amended, and it is not and has not been in violation thereof." A judgment of dismissal was entered on January 19, 1946, from which an appeal was taken to this Court.

Paul A. Porter, as Administrator of the Office of Price Administration, succeeded Bowles as plaintiff. Porter was succeeded by Philip B. Fleming, Administrator, Office of Temporary Controls, and Fleming was eventually succeeded by the United States, which was, of course, at all times the real party in interest.

On November 12, 1946, while the appeal from the judgment entered after the trial of the injunction count of the complaint in the first action was pending, the commodity involved was decontrolled by an Executive Order of the Price Administrator. The appeal was thereafter submitted to this Court upon two motions of the defendant (appellee): (1) a motion to dismiss the appeal or to affirm the judgment because of the failure of the plaintiff (appellant) to comply with the Rule of this Court relating to the statement of points relied upon in his brief; and (2) a motion to dismiss the appeal because the case had become moot due to the Executive Order decontrolling the commodity in suit. This Court's opinion is found in Fleming v. Munsingwear, Inc., 8 Cir., 162 F.2d 125. After stating that it would be warranted in affirming the judgment appealed from for noncompliance by the appellant with Rule 11(b) Fourth of this Court, page 127 of 162 F. 2d, the Court proceeded to consider the motion to dismiss on the ground that the case had become moot. That motion was sustained, and the appeal was dismissed. Page 128 of 162 F.2d. The mandate of this Court was dated June 19, 1947, and shows that the dismissal of the appeal was based upon the conclusion that the case had become moot, and was not based upon a violation of any Rule of this Court.

On February 3, 1948, the defendant moved the District Court to dismiss the treble damage claims still pending against it, namely, the claim stated in Count Two of the complaint in the first action and the claim stated in the complaint in the second action. The ground for the motion was that the judgment on the first or injunction count of the complaint in the first action barred further proceedings on the treble damage claims.

The District Court, on June 2, 1948, entered an order directing its Clerk to enter a judgment of dismissal in each of the two

treble damage actions. The order contained the following recital:

"At the hearing on said motions, it was conceded by counsel for the plaintiff that a redetermination of the same issues of violation of Maximum Price Regulation No. 221 as amended, as those determined by the judgment in said injunction action would be an essential prerequisite to the recovery of any damages in the said pending treble-damage actions, and he also conceded that he would submit the issues of violation in the treble-damage actions on the same record and evidence as that taken, transcribed and printed in said injunction action."

The contention of the Government on these appeals is stated in its brief as follows:

"When a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is moot, the judgment is not conclusive against him under the doctrine of res judicata in a subsequent action on a different cause of action."

The Government argues that "since the appeal from the judgment in the injunction suit was dismissed solely on the grounds of mootness and since the treble-damage actions are different causes of action [Woodbury v. Porter, 8 Cir., 158 F.2d 194; Fleming v. Munsingwear, Inc., 8 Cir., 162 F.2d 125], the matters decided in the former suit are not conclusive by way of collateral estoppel in the instant action."

The main reliance of the Government in support of its contention is § 69(2), American Law Institute, Restatement of the Law of Judgments, which reads as follows:

"Where a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is immaterial or moot, the judgment is not conclusive against him in a subsequent action on a different cause of action."

We quote, also, Comment d. on Subsection (2) of § 69 (Restatement of the Law of Judgments, page 317):

"Where a judgment has been rendered against a party by a court of first instance, and on his appeal the appellate court refuses to review the proceedings because the controversy has become moot, the judgment is not binding in a subsequent action between the parties based upon a different cause of action."

This rule finds some support in Gelpi v. Tugwell, 1 Cir., 123 F.2d 377. There an appeal was taken from a judgment of the Supreme Court of Puerto Rico denying the appellant a writ of mandamus directing the Governor of Puerto Rico to reinstate her in the office from which she had allegedly been unlawfully removed. Before her appeal was ruled upon, the term of the office she had held had expired. Her case was dismissed as moot. The court said, however, at page 378 of 123 F.2d:

"Since appellant, without fault on her part, is prevented from obtaining a review of the judgment below merely because, from intervening events, the appeal has become moot, that judgment will not become res judicata on the issues involved, in any subsequent litigation based upon a different cause of action. Appellant will be free to attack collaterally the executive order of removal, either in a suit for salary, or in an appropriate proceeding to test her eligibility to hold certain civil offices should she later aspire thereto."

Judge Magruder, in a dissenting opinion, expressed the view that, while it was too late to order appellant's reinstatement, a decree vacating the executive order of which she complained, would not be inappropriate, since it would settle the questions of her right to recover her unpaid salary and of her eligibility to hold other offices. In other words, Judge Magruder was of the opinion that the matter decided against her should not be regarded as moot. However, he said, at page 379 of 123 F.2d:

"The opinion of the court, in dismissing the appeal as moot, reserves to appellant the right to raise in subsequent litigation the same issues which she sought to have us pass on in the present case. I agree that if the appeal is to be dismissed on this ground it would be most unjust to leave the judgment below standing as res judicata; and I think that the doctrine of res judicata is sufficiently flexible to avoid such a harsh result. Cf. Blackman v. Stone,

300 U.S. 641, 57 S.Ct. 514, 81 L.Ed. 856. But it seems to me unfortunate to put upon appellant the burden of subsequent litigation when, as I see it, these issues are legitimately before us for decision now."

In view of the reservations contained in the opinion in Gelpi v. Tugwell, supra, it can hardly be said that the dismissal of the appeal in that case was intended to be or was unconditional.

In Allegheny County v. Maryland Casualty Co., 3 Cir., 146 F.2d 633, 157 A.L.R. 1032, certiorari denied, 325 U.S. 855, 65 S.Ct. 1184, 89 L.Ed. 1975, a case governed by Pennsylvania law, the court assumed that the law of that State was as stated in § 69(2) of the Restatement of the Law of Judgments.

The Government also refers to the case of Leader v. Apex Hosiery Co., 3 Cir., 108 F.2d 71, affirmed, Apex Hosiery Co. v. Leader, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311, 128 A.L.R 1044, in which the Circuit Court of Appeals said, 108 F.2d at page 81:

"The decree of this court in Apex Hosiery Co. v. Leader, supra, 3 Cir., 90 F.2d 155, was reversed by the Supreme Court with directions to dismiss the bill of complaint since the case was moot. Leader v. Apex Hosiery Co., 302 U.S. 656, 58 S.Ct. 362, 82 L.Ed. 508. The decree of this court in the injunction proceedings must therefore be considered as having been vacated. It is no longer binding as a precedent, as the law of the case, or as res judicata. South Spring Hill Gold Min. Co. v. Amador Medean Gold Min. Co., 145 U.S. 300, 12 S.Ct. 921, 36 L.Ed. 712; Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620. As a consequence we are at liberty to consider anew all questions presented by the record of the case at bar."

It will be noted, however, that in that case the direction of the Supreme Court to dismiss the complaint was regarded as tantamount to a vacation of the decree of the Circuit Court of Appeals. No unconditional dismissal of an appeal for mootness was involved in that case.

The Government is also of the opinion that the following State cases support its view; Knowlton v. Town of Swampscott, 280 Mass. 69, 181 N.E. 849, and Rawlings v. Claggett, 174 Miss. 845, 165 So. 620.

Our attention is also directed to an article by Professor Scott entitled, "Collateral Estoppel by Judgment," in the Harvard Law Review, 56 Harvard L.Rev. 1, in which the author makes the following statement (page 15):

"A judgment rendered by the trial court may not be conclusive by way of collateral estoppel because the unsuccessful party cannot obtain the decision of the appellate court upon the matter decided adversely to him. The fact that a party who might have appealed fails to do so is immaterial; but the fact that he is unable to appeal is of importance.

"One illustration of this is where an appeal is denied because the controversy has become moot. In such a case the judgment itself may stand, but the matters decided are not conclusive by way of collateral estoppel in a subsequent controversy between the parties involving a different cause of action." [1]

The defendant relies upon the doctrine of res judicata as defined by the Supreme Court of the United States. In Southern Pacific R. Co. v. United States, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355, that doctrine was stated as follows:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. * * *"

In the instant cases, the *"first suit"*, namely, the injunction count of the complaint in the first action, was tried upon the

1. See notes in 157 A.L.R. 1041, 1043, with reference to Professor Scott's article, and with reference to Sec. 69(2) of Restatement of the Law of Judgments.

merits by a court of competent jurisdiction; the question whether the defendant was violating Maximum Price Regulation No. 221 as amended was *"distinctly put in issue and directly determined"* by the judgment entered in that action; and the *"judgment in the first suit remains unmodified."*

We note that in the Southern Pacific case the Supreme Court, on pages 49 and 51 of 168 U.S., on pages 27 and 28 of 18 S.Ct., cites with approval and discusses its former decision in Johnson Co. v. Wharton, 152 U.S. 252, 14 S.Ct. 608, 38 L.Ed. 429, in which it was held that a second suit on a different claim was barred by the judgment in a prior suit, although that judgment was not reviewable because of the amount in dispute. The court, in Johnson Co. v. Wharton, said at page 261 of 152 U.S., at page 611 of 14 S.Ct.:

"The inquiry as to the conclusiveness of a judgment in a prior suit between the same parties can only be whether the court rendering such judgment—whatever the nature of the question decided, or the value of the matter in dispute—had jurisdiction of the parties and the subject-matter, and whether the question sought to be raised in the subsequent suit was covered by the pleadings, and actually determined, in the former suit. The existence or nonexistence of a right, in either party, to have the judgment in the prior suit reexamined, upon appeal or writ of error, cannot, in any case, control this inquiry. * * * Looking at the reasons upon which the rule rests, its operation cannot be restricted to those cases which, after final judgment or decree, may be taken by appeal or writ of error to a court of appellate jurisdiction."

The rule upon which the defendant relies has apparently thus far not been modified, conditioned or overruled by the Supreme Court. In the recent case of Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898, the Supreme Court said:

"It is first necessary to understand something of the recognized meaning and scope of res judicata, a doctrine judicial in origin. The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. See Von Moschzisker, 'Res Judicata,' 38 Yale L.J. 299; Restatement of the Law of Judgments, §§ 47, 48.

"But where the second action between the same parties is upon a different cause or demand, the principle of res judicata is applied much more narrowly. In this situation, the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.' Cromwell v. County of Sac, supra, 94 U.S. 351, 353, 24 L.Ed. 195. And see Russell v. Place, 94 U.S. 606, 24 L.Ed. 214; Southern Pacific R. Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 27, 42 L.Ed. 355; Mercoid Corp. v. Mid-Continent Inv. Co., 320 U.S. 661, 671, 64 S.Ct. 268, 273, 88 L.Ed. 376. Since the cause of action involved in the second proceeding is not swallowed by the judgment in the prior suit, the parties are free to litigate points which were not at issue in the first proceeding, even though such points might have been tendered and decided at that time. But matters which were actually litigated and determined in the first proceeding cannot later be relitigated. Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel. In this sense, res judicata is usually and more accurately referred to as

estoppel by judgment, or collateral estoppel. See Restatement of the Law of Judgments, §§ 68, 69, 70; Scott, 'Collateral Estoppel by Judgment, 56 Harv.L.Rev. 1.''

The opinion and mandate in Fleming v. Munsingwear, Inc., supra, 162 F.2d 125, disclose no intent or purpose on the part of this Court to affect the conclusiveness of the judgment appealed from. The dismissal of the appeal merely constituted a refusal to entertain an appeal in a case which this Court believed to have become moot. It is not conceivable to us that this refusal had the effect of emasculating the judgment of the District Court which was appealed from, or of reserving the issue determined by that judgment for relitigation by the parties in the treble damage actions.

We cannot accept the theory that the conclusiveness of the judgment of the District Court in the injunction action was affected by the reason given by this court for the dismissal of the appeal from that judgment. Appeals are dismissed on many grounds, some due to the fault of the appellants and some to circumstances beyond their control. The logic of making a distinction between dismissals of appeals for mootness and dismissals on other grounds involving no fault of an appellant, escapes us, as does also the logic of impairing the conclusiveness of a judgment of a District Court because an appellate court refuses to entertain an appeal from the judgment. While the appeal is pending, the judgment is not final, but is presumptively correct. When the appeal is dismissed, the judgment, as we understand the law, becomes final and conclusive as between the parties with respect to all issues actually tried and determined.

While the question is not before us on this appeal, one reasonably can believe that where a judgment determines a vital issue which controls, or will substantially affect, other pending litigation between the parties, an appeal from the judgment should not be dismissed for mootness merely because the relief prayed for by the plaintiff is no longer available. We think this is particularly true where the correctness of the determination of the issue by the trial court, rather than the relief sought, is the real matter in controversy between the parties. If dismissals of appeals for mootness are to be held to impair the conclusiveness of the judgments appealed from, it would seem advisable for the appellate courts to re-examine their standards for determining under what circumstances a case may be dismissed as moot.

We are satisfied that neither the District Court nor this Court would be justified in altering the doctrine of res judicata as it has thus far been enunciated by the Supreme Court. That doctrine is based upon a long-established and firmly entrenched public policy, upon which litigants have a right to rely. In Tait v. Western Maryland R. Co., 289 U.S. 620, 624, 53 S.Ct. 706, 707, 77 L.Ed. 1405, the Supreme Court went so far as to say:

"* * * The public policy upon which the rule [res judicata] is founded has been said to apply with equal force to the sovereign's demand and the claims of private citizens. Alteration of the law in this respect is a matter for the law-making body rather than the courts."

Our conclusion is that the dismissal of the appeal by this Court in Fleming v. Munsingwear, Inc., supra, 162 F.2d 125, did not affect the conclusiveness of the judgment appealed from in that case as a final adjudication of the issue upon which the judgment was based, and that the judgment constitutes a bar to the relitigation of the issue determined.

The judgments appealed from are affirmed.

JOHNSEN, Circuit Judge (dissenting).

To me the majority opinion is unsound (1) as a matter of general legal principle; (2) as an unnatural interpretation of the intended scope and effect of the dismissal in Fleming v. Munsingwear, Inc., 8 Cir., 162 F.2d 125; and (3) on the basis of applicable estoppel.

1. I think the only logical rule in a situation such as is here presented is that set out in the Restatement, that "Where a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is immaterial or moot, the judgment is not conclusive

against him in a subsequent action on a different cause of action." Restatement, Judgments, § 69(2). See also Professor Austin W. Scott's article, "Collateral Estoppel by Judgment," 56 Harvard Law Review 1, and annotation, 157 A.L.R. 1043. The case of Allegheny County v. Maryland Casualty Co. clearly recognizes this as reflecting "the general statement of the law", and on this basis the court assumed the right to apply it as the law of Pennsylvania "in the absence of a specific decision on the exact point by the Pennsylvania Courts". Gelpi v. Tugwell, 1 Cir., 123 F.2d 377, 378, similarly has directly accepted the principle, in its statement that "since appellant, without fault on her part, is prevented from obtaining a review of the judgment below merely because, from intervening events, the appeal has become moot, that judgment will not become res judicata on the issues involved, in any subsequent litigation based upon a different cause of action." The language, "that judgment will not become res judicata", etc., obviously means that the judgment necessarily, as a matter of law, is not res judicata, and it can hardly be read as a mere direction to insert a reservation in the order of dismissal in the particular case, for the order itself uses the unqualified language, just like our own in Fleming v. Munsingwear, Inc., supra, "The appeal is dismissed." Also, I can find nothing in the decisions of the Supreme Court cited in the opinion of the majority that seems to me to preclude application of this rule. The specific question involved has never been passed upon by that Court, and I should doubt that it would accord the statements from its decisions quoted by the majority any such literal and justice-thwarting restrictiveness as has been done here. And incidentally, it might be observed that general citation of section 69 of the Restatement and of the article by Professor Scott, to which I have referred, at least has been made in Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L. Ed. 898.

2. But apart from the application of the rule discussed, I think the majority opinion improperly fails to accord to our dismissal in Fleming v. Munsingwear, Inc., 8 Cir., 162 F.2d 125, the scope and effect which it plainly was intended to have. The opinion on the motion to dismiss unmistakably indicates that the sole ground for dismissing the appeal was that no legal right to an injunction any longer existed in the situation. Care was taken expressly to point out that "the injunction case alone" was brought to this court; that there had been an agreement and order in the trial court that "the second count of the complaint by which treble damages were sought should be held in abeyance"; that "there now being no law which would sustain the injunction sought by plaintiff, it seems clear that the case has become moot"; that "This court can concern itself only with actual controversies"; and that "The appeal will therefore be dismissed." 162 F.2d at pages 127, 128. It is impossible for me to see how anyone can derive any other meaning from this than that the court, on the basis of the motion and the facts before it, was dealing solely with the question of whether the right to an injunction was any longer a litigable question; that it viewed the treble damage rights as being protected by the agreement and order in the trial court and as therefore being unaffected in the circumstances by a refusal to hear the injunction appeal on its merits; and that in this situation the court felt that it should not be asked to waste its time upon the injunctive right, which had ceased to exist. Any other reading seems to me an unnecessary refusal to give effect to the expressed intention and action of another division of this Court.

3. There is a third and independently conclusive ground upon which I think the majority opinion is unsound. Appellee's contention on the question of mootness in the injunction-case appeal was and necessarily could only be that no other question was involved on the motion to dismiss except the terminated right to the issuance of an injunction. If appellee was intending afterwards to assert that the issue of price violation in relation to the suspended treble-damage count was adjudicatively affected, then it had no basis for urging that the controversy as it was at that time before the court had become moot, and it

can hardly escape the imputation of bad faith and wilful misrepresentation. I am willing to assume, however, that there was no bad faith at the time and that appellee's present position is a mere tactical afterthought. But in either situation, by my legal concepts, there is an estoppel to assert that the dismissal had any other scope or effect in appellee's favor than that which the motion claimed and on the basis of which it sought and induced the court's action. A litigant should not be permitted to profit from his misleading of the court, whether wilful or not. It has, of course, always been the rule that application of the doctrine of res judicata may be precluded by acts constituting an estoppel. See 30 Am.Jur., Judgments, § 207.

For each of the reasons given, I am compelled to dissent.