**In re Anastasios N. KYRIAKIDES, Debtor.**

**ESPIRITO SANTO BANK OF FLORIDA, Plaintiff,**

v.

**Anastasios N. KYRIAKIDES, Defendant.**

**Bankruptcy No. 89–16506–BKC–AJC. Adv. No. 90–0415–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Feb. 6, 1995.

Joel M. Aresty, Miami, FL, for defendant.

Tim D. Henkel, Silver & Garvett, P.A., Coconut Grove, FL, for plaintiff.

*ORDER DENYING DEFENDANT'S EX–PARTE MOTION TO VACATE JUDGMENT*

A. JAY CRISTOL, Chief Judge.

**■ THIS MATTER** came before the Court on Debtor–Defendant's Ex–Parte Motion to Vacate Judgment filed with this Court on December 23, 1994. Judgment was entered against Defendant in the above-styled adversary proceeding on July 8, 1991. Defendant satisfied the Judgment on November

30, 1994 and now asks the Court to vacate the Judgment.[1] This Court declines to vacate an unfavorable judgment merely because Defendant has now satisfied the judgment. Court rulings are not "the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *U.S. Bancorp Mortgage Company v. Bonner Mall Partnership,* —— U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), citing, *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Phillips Corp.,* —— U.S. ——, 114 S.Ct. 425, 126 L.Ed.2d 396 (1993).

In *Bancorp,* the issue before the U.S. Supreme Court was whether appellate courts in the federal system should vacate civil judgments of subordinate courts in cases that are settled after appeal is filed or certiorari is sought. Justice Scalia, writing for a unanimous Court, determined that mootness by reason of settlement does not justify vacatur of a federal civil judgment under review by an appellate court. While the matter before this Court does not involve a bankruptcy judgment under review by an appellate court which has become moot, the principles and policy discussed in the *Bancorp* case regarding the treatment of motions to vacate judgments are applicable here.

■ A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. For instance, in *Fleming v. Musingwear, Inc.,* 162 F.2d 125, 127 (C.A.8 1947), the suit for injunctive relief became moot on appeal because the regulations sought to be enforced were annulled by Executive Order. However, where mootness results from settlement, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal, thereby surrendering his claim to the equitable remedy of vacatur.

■ Similarly, in the case at hand Defendant never appealed the judgment which he now seeks the Court to vacate. Rather, he voluntarily satisfied the judgment. The judgment was not unreviewable, but was simply unreviewed by his own choice. Congress has prescribed a primary route, by appeal as of right, through which parties may seek relief from the legal consequences of judicial judgments. "To allow a party who steps off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack of the judgment would—quite apart from any considerations of fairness to the parties—disturb the orderly operation of the federal judicial system." *Bancorp, supra,* —— U.S. at ——, 115 S.Ct. at 392.

When a federal court contemplates equitable relief, the court's holding must also take into account the public interest. "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Phillips Corp.,* —— U.S. ——, 114 S.Ct. 425, 126 L.Ed.2d 396 (1993). It is irrelevant that Plaintiff does not oppose Defendant's motion to vacate judgment, since it is the losing party who has the burden of demonstrating equitable entitlement to vacatur. *U.S. Bancorp Mortgage Company v. Bonner Mall Partnership,* —— U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994).

Although exceptional circumstances may conceivably justify vacatur, such circumstances do not include the mere fact that a party has satisfied an unfavorable judgment and now wishes it to go away. Accordingly, it is

**ORDERED:** that Defendant's Ex–Parte Motion to Vacate Judgment is DENIED.

**DONE and ORDERED.**

---

1. Plaintiff does not oppose Defendant's Motion to Vacate Judgment.